IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT |
| C & A TOOL ENGINEERING, INC. | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kirk Wyatt who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-24 below, the Commission alleges that Defendant C & A Tool Engineering, Inc. failed to hire Kirk Wyatt because of his actual disability or because Defendant regarded him as being disabled.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ('ADA'), 42 U.S.C.§12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ('Title VII'), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, C & A Tool Engineering, Inc. (the "Employer"), has continuously been an Indiana corporation, doing business in the State of Indiana and the City of Churubusco, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Kirk Wyatt filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8.      On December 18, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination referenced above in paragraph 8.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement that was acceptable to the Commission.

11. On March 15, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least January 2, 2015, Defendant Employer has engaged in unlawful employment practices at its Churubusco, Indiana facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, by failing to hire Kirk Wyatt on the basis of disability.

14. Kirk Wyatt is a qualified individual on the basis of disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Kirk Wyatt has an impairment, coloboma, which substantially limits the major life activity of seeing.

15. On or about January 2, 2015, Wyatt applied for a position as a machinist with Defendant Employer. Wyatt had three years relevant previous experience as a machinist.

16. Defendant Employer's HR Director reviewed Wyatt's application and forwarded it to Defendant Employer's Operations Manager for an interview.

17. On or about January 8, 2015, Wyatt was given a written proficiency test, on which he scored well (39 out of 40) and was interviewed by the Operations Manager.

18. After the interview, the Operations Manager took Wyatt on a plant tour. At the end of the tour, the Operations Manager told Wyatt he was recommending him for hire.

19. A few days after the interview, the HR Director called Wyatt and offered him a job conditioned on him taking a physical examination.

20. On or about January 12, 2015, Wyatt went to Parkview Whitley Hospital for the physical examination.

21. The report from the physical examination was sent to Defendant Employer. The report stated that Wyatt was examined on January 12, 2015, 'Possible accommodation may be needed due to being legally blind in L eye, depending on type of machinery. D/W Mark Manning and they will further evaluate this situation.slf'

22. A few days later, the HR Director called Wyatt and withdrew the offer of employment.

23. At all relevant times, Kirk Wyatt was a qualified individual on the basis of disability, who, with or without reasonable accommodation, could perform the essential functions of the job offered to him by Defendant Employer. Wyatt was not hired because of his disability.

24. Alternatively, Defendant Employer, through its HR Director and Operations Manager, denied Kirk Wyatt a job because it perceived him as having a physical impairment.

25. The effect of the practices complained of in paragraphs 13-24 above has been to deprive Kirk Wyatt of equal employment opportunities and otherwise adversely affect his status as an employee, because of disability.

26. The unlawful employment practices complained of in paragraphs 13-24 above were, and are, intentional.

27. The unlawful employment practices complained of in paragraphs 13-24 above were, and are, done with malice or with reckless indifference to the federally protected rights of Kirk Wyatt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to hire qualified individuals on the basis of disability and from any employment practice that discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Kirk Wyatt by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the hiring of Kirk Wyatt.

D. Order Defendant Employer to make whole Kirk Wyatt by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-24 above, including, but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Kirk Wyatt by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraphs 13-24 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Kirk Wyatt punitive damages for its malicious and reckless conduct, as described in paragraphs 13-24 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

s/Kenneth L. Bird
KENNETH L. BIRD, ##10780-02
Regional Attorney (Acting)

s/Jo Ann Farnsworth
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900
Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov